IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------------X
                                   :

FRANKLIN CALIFORNIA TAX-FREE TRUST (for  :
the FRANKLIN CALIFORNIA INTERMEDIATE-   :   CASE NO. 14-1518
TERM TAX FREE INCOME FUND)              :
                                   :
            -and-                    :
                                   :

FRANKLIN NEW YORK TAX-FREE TRUST (for the :   DECLARATORY JUDGMENT
FRANKLIN NEW YORK INTERMEDIATE-TERM    :
TAX FREE INCOME FUND)                 :
                                   :
            -and-                    :
                                   :

FRANKLIN TAX-FREE TRUST (for the series    :
FRANKLIN FEDERAL INTERMEDIATE-TERM    :
TAX-FREE INCOME FUND, FRANKLIN DOUBLE  :
TAX-FREE INCOME FUND, FRANKLIN        :
COLORADO TAX-FREE INCOME FUND,      :
FRANKLIN GEORGIA TAX-FREE INCOME FUND, :
FRANKLIN PENNSYLVANIA TAX-FREE INCOME :
FUND, FRANKLIN HIGH YIELD TAX-FREE    :
INCOME FUND, FRANKLIN MISSOURI TAX-   :
FREE INCOME FUND, FRANKLIN OREGON TAX- :
FREE INCOME FUND, FRANKLIN VIRGINIA   :
TAX-FREE INCOME FUND, FRANKLIN       :
ALABAMA TAX FREE INCOME FUND,       :
FRANKLIN FLORIDA TAX-FREE INCOME FUND, :
FRANKLIN CONNECTICUT TAX-FREE INCOME  :
FUND, FRANKLIN LOUISIANA TAX-FREE    :
INCOME FUND, FRANKLIN MARYLAND TAX-   :
FREE INCOME FUND, FRANKLIN NORTH     :
CAROLINA TAX-FREE INCOME FUND,       :
FRANKLIN NEW JERSEY TAX-FREE INCOME   :
FUND and FRANKLIN ARIZONA TAX-FREE    :
INCOME FUND)                       :
                                   :
           -and-                    :
                                   :

FRANKLIN MUNICIPAL SECURITIES TRUST (for :
the series FRANKLIN CALIFORNIA HIGH YIELD :
MUNICIPAL BOND FUND and FRANKLIN    :
TENNESSEE MUNICIPAL BOND FUND)      :

-and-                                             :
                                                  :
                                                  :
FRANKLIN CALIFORNIA TAX-FREE INCOME               :
FUND                                              :
                -and-                             :
                                                  :
FRANKLIN NEW YORK TAX-FREE INCOME                 :
FUND                                              :
                -and-                             :
                                                  :
FRANKLIN FEDERAL TAX-FREE INCOME FUND             :
                                                  :
                -and-                             :
                                                  :
OPPENHEIMER ROCHESTER FUND MUNICIPALS             :
                                                  :
                -and-                             :
                                                  :
OPPENHEIMER MUNICIPAL FUND (on behalf of its      :
series OPPENHEIMER ROCHESTER LIMITED              :
TERM MUNICIPAL FUND)                              :
                                                  :
                -and-                             :
                                                  :
OPPENHEIMER MULTI-STATE MUNICIPAL                 :
TRUST (on behalf of its series OPPENHEIMER        :
ROCHESTER NEW JERSEY MUNICIPAL FUND,              :
OPPENHEIMER ROCHESTER PENNSYLVANIA                :
MUNICIPAL FUND, and OPPENHEIMER                   :
ROCHESTER HIGH YIELD MUNICIPAL FUND)              :
                                                  :
                -and-                             :
                                                  :
OPPENHEIMER ROCHESTER OHIO MUNICIPAL              :
FUND                                              :
                -and-                             :
                                                  :
OPPENHEIMER ROCHESTER ARIZONA                     :
MUNICIPAL FUND                                    :
                                                  :
                -and-                             :
                                                  :
OPPENHEIMER ROCHESTER VIRGINIA                    :
MUNICIPAL FUND                                    :
                                                  :

-and-                                               :
                                                    :
OPPENHEIMER ROCHESTER MARYLAND                      :
MUNICIPAL FUND                                      :
                                                    :
-and-                                               :
                                                    :
OPPENHEIMER ROCHESTER LIMITED TERM                  :
CALIFORNIA MUNICIPAL FUND                           :
                                                    :
-and-                                               :
                                                    :
OPPENHEIMER ROCHESTER CALIFORNIA                    :
MUNICIPAL FUND                                      :
                                                    :
-and-                                               :
                                                    :
ROCHESTER PORTFOLIO SERIES (on behalf of its        :
series OPPENHEIMER ROCHESTER LIMITED                :
TERM NEW YORK MUNICIPAL FUND)                       :
                                                    :
-and-                                               :
                                                    :
OPPENHEIMER ROCHESTER AMT-FREE                      :
MUNICIPAL FUND                                      :
                                                    :
-and-                                               :
                                                    :
OPPENHEIMER ROCHESTER AMT-FREE NEW                  :
YORK MUNICIPAL FUND                                 :
                                                    :
-and-                                               :
                                                    :
OPPENHEIMER ROCHESTER MICHIGAN                      :
MUNICIPAL FUND                                      :
                                                    :
-and-                                               :
                                                    :
OPPENHEIMER ROCHESTER MASSACHUSETTS                 :
MUNICIPAL FUND                                      :
                                                    :
-and-                                               :
                                                    :
OPPENHEIMER ROCHESTER NORTH CAROLINA               :
MUNICIPAL FUND                                      :
                                                    :

```
                    -and-                          :
                                                   :
OPPENHEIMER ROCHESTER MINNESOTA                    :
MUNICIPAL FUND,                                    :
                                                   :
                    Plaintiffs,                    :
                                                   :
                    v.                             :
                                                   :
THE COMMONWEALTH OF PUERTO RICO                    :
                                                   :
                    -and-                          :
                                                   :
THE PUERTO RICO ELECTRIC POWER                     :
AUTHORITY                                          :
                                                   :
                    -and-                          :
                                                   :
ALEJANDRO GARCIA PADILLA,                          :
in his capacity as Governor of the                 :
Commonwealth of Puerto Rico                        :
                                                   :
                    -and-                          :
                                                   :
JOHN DOE,                                          :
in his capacity as agent for the                   :
Government Development Bank for Puerto Rico,       :
                                                   :
                    Defendants.                    :
                                                   :
                                                   :
-------------------------------------------------------------------X
```

## **COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW Plaintiffs Franklin California Tax-Free Trust (for the Franklin California Intermediate-Term Tax Free Income Fund), Franklin New York Tax-Free Trust (for the Franklin New York Intermediate-Term Tax Free Income Fund), Franklin Tax-Free Trust (for the series Franklin Federal Intermediate-Term Tax-Free Income Fund, Franklin Double Tax-Free Income

Fund, Franklin Colorado Tax-Free Income Fund, Franklin Georgia Tax-Free Income Fund,
Franklin Pennsylvania Tax-Free Income Fund, Franklin High Yield Tax-Free Income Fund,
Franklin Missouri Tax-Free Income Fund, Franklin Oregon Tax-Free Income Fund, Franklin
Virginia Tax-Free Income Fund, Franklin Alabama Tax Free Income Fund, Franklin Florida
Tax-Free Income Fund, Franklin Connecticut Tax-Free Income Fund, Franklin Louisiana Tax-
Free Income Fund, Franklin Maryland Tax-Free Income Fund, Franklin North Carolina Tax-Free
Income Fund, Franklin New Jersey Tax-Free Income Fund and Franklin Arizona Tax-Free
Income Fund), Franklin Municipal Securities Trust (for the series Franklin California High Yield
Municipal Bond Fund and Franklin Tennessee Municipal Bond Fund), Franklin California Tax-
Free Income Fund, Franklin New York Tax-Free Income Fund and Franklin Federal Tax-Free
Income Fund (together, the "Franklin Funds"), together with Oppenheimer Rochester Fund
Municipals, Oppenheimer Municipal Fund (on behalf of its series Oppenheimer Rochester
Limited Term Municipal Fund), Oppenheimer Multi-State Municipal Trust (on behalf of its
series Oppenheimer Rochester New Jersey Municipal Fund, Oppenheimer Rochester
Pennsylvania Municipal Fund and Oppenheimer Rochester High Yield Municipal Fund),
Oppenheimer Rochester Ohio Municipal Fund, Oppenheimer Rochester Arizona Municipal
Fund, Oppenheimer Rochester Virginia Municipal Fund, Oppenheimer Rochester Maryland
Municipal Fund, Oppenheimer Rochester Limited Term California Municipal Fund,
Oppenheimer Rochester California Municipal Fund, Rochester Portfolio Series (on behalf of its
series Oppenheimer Rochester Limited Term New York Municipal Fund), Oppenheimer
Rochester AMT-Free Municipal Fund, Oppenheimer Rochester AMT-Free New York Municipal
Fund, Oppenheimer Rochester Michigan Municipal Fund, Oppenheimer Rochester
Massachusetts Municipal Fund, Oppenheimer Rochester North Carolina Municipal Fund and

Oppenheimer Rochester Minnesota Municipal Fund (collectively, the "Oppenheimer Rochester Funds," and together with the Franklin Funds, "Plaintiffs"), by and through their attorneys, and very respectfully state, allege and pray as follows:

## NATURE OF THIS ACTION

1.      This is an action for a declaratory judgment brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining a substantial and actual controversy between the parties.  As set forth more fully below, Plaintiffs seek a declaration that the Public Corporation Debt Enforcement and Recovery Act (the "Act") enacted (or soon to be enacted) by the Commonwealth of Puerto Rico (the "Commonwealth") violates multiple provisions of the United States Constitution (the "Constitution").

2.      Under the Constitution, the power to pass a law regarding bankruptcy is exclusively vested in the Congress of the United States (the "Congress").  The Act is, in both form and substance, a bankruptcy law enacted by the Commonwealth.  The Act is therefore unconstitutional in its entirety.  Moreover, specific provisions of the Act, if enforced, would inflict further constitutional injuries in violation of the Fifth and Fourteenth Amendments and Article 1, section 10, of the Constitution.

## THE PARTIES, JURISDICTION, AND VENUE

3.      Plaintiffs Franklin Funds are Delaware corporations or trusts with their principal place of business in San Mateo, California.  Collectively, the Franklin Funds hold approximately $907,195,000 of Power Revenue Bonds (the "PREPA Bonds") issued by the Puerto Rico Electric Power Authority ("PREPA") pursuant to the Puerto Rico Electric Power Authority Act ("Act 83") and the Trust Agreement between PREPA and U.S. Bank National Association as

Successor Trustee (the "Trustee"), dated as January 1, 1974, as amended and supplemented through August 1, 2011 (the "Trust Agreement").

4.      Plaintiffs Oppenheimer Rochester Funds are Delaware corporations or trusts with their principal place of business in Rochester, New York.   Collectively, the Oppenheimer Rochester Funds hold approximately $821,440,000 of PREPA Bonds.

5.      Defendant Commonwealth is a United States territory subject to the laws of the United States and the plenary jurisdiction of the Congress.

6.      Defendant Governor Alejandro García Padilla (the "Governor") is the Governor of the Commonwealth and is sued in his official capacity.

7.      Defendant John Doe (the "GDB Agent") is an employee or other agent of the Government Development Bank for Puerto Rico ("GDB") who is empowered to authorize or direct a public corporation to seek relief under the Act on behalf of the GDB.  On information and belief, GDB is a public corporation organized under the laws of the Commonwealth that serves as a bank, fiscal agent, and financial advisor to the Commonwealth.   GDB is headquartered in the Commonwealth.

8.      On information and belief, defendant PREPA is a public corporation organized under the laws of the Commonwealth that provides electrical power to residents and businesses located in the Commonwealth.

9.      This action arises under the Constitution, Article I, Section 8; Article I, Section 10; and the Fifth and Fourteenth Amendments.  This Court may render a declaratory judgment pursuant to 28 U.S.C. § § 2201 and 2202 and Fed. R. Civ. P. 57.

10.      Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

11.     On June 25, 2014, citing a "fiscal emergency" relating to certain of its public corporations, the Commonwealth's Senate (*Senado*) voted to approve the Act.  The following day, the Commonwealth House of Representatives (*Cámara de Representantes*) similarly voted to approve the Act.  Upon information and belief, the Governor has either signed the Act into law or will do so imminently.

12.     The Act purports to offer to certain public corporations within the Commonwealth the ability, among other things, to invoke protections from creditors and modify debts.  The Act is expressly modeled on title 11 of the United States Code (the "Bankruptcy Code").

13.     The Act provides in sections 202(b) and 301(b) that the GDB (and, in certain instances, the Governor) must authorize and/or direct a public corporation to seek relief under the Act before such public corporation may invoke the protections afforded under the Act.

14.     On or about June 26, 2014, the Rating Agency Fitch downgraded the PREPA Bonds from "BB" to "CC," based upon the introduction and passage of the Act.

15.     On information and belief, since the Commonwealth's Senate voted to approve the Act, the trading prices of long-dated PREPA Bonds (those maturing in 20 years or more) have dropped by an estimated 15 percent, while the trading prices for shorter dated PREPA Bonds (those maturing over the next four years) have dropped by an estimated 35-40 percent.

16.     On information and belief, PREPA will file for relief under the Act imminently. For example, the legislative history to the Act notes that "Public corporations of the Commonwealth of Puerto Rico that provide essential public services, PREPA being the most dramatic example, today face significant operational, fiscal, and financial challenges." *See P. del S. 1164* at 148.

17.     Accordingly, the legislative history to the Act makes clear that PREPA is to be its inaugural candidate.

## THE ACTUAL CONTROVERSY

18.     By enacting the Act, the Commonwealth and the Governor purport to create legal powers that would violate the Constitution to the detriment of Plaintiffs and other creditors of the Commonwealth's public corporations.   If the Governor or the GDB Agent authorizes a Commonwealth public corporation to seek relief under the Act, this will perpetuate the constitutional violations described herein.

19.     Article I, Section 8 of the Constitution provides that "[t]he Congress shall have the power . . . [t]o establish . . . uniform laws on the subject of Bankruptcies throughout the United States . . . ."  (the "Bankruptcy Clause"). *See* U.S. CONST. art. I, § 8, cl. 4.  This power is vested exclusively in the United States Congress.

20.     The United States Congress has accordingly established uniform laws of bankruptcy by its enactment of the Bankruptcy Code.

21.     The legislative history to the Act indicates that "[t]his Act is designed in many respects to mirror certain key provisions of title 11 of the United States Code, and courts and stakeholders are encouraged to review and consider existing precedent under title 11 of the United States Code . . . when interpreting and applying this Act."  *See*, *e.g.*, *P. del S. 1164* at 159.

22.     The legislative history further states that, in enacting the Act, the legislature "has adopted a model similar to that of chapter 9 of title 11 of the United States Code" and "clearly expresses its intent that jurisprudence interpreting the provisions of chapter 9 of title 11 of the United States Code be used . . . for purposes of interpreting the provisions . . . of this Act." *See P. del S. 1164* at 164.

23.     Indeed, the Act purports to confer on eligible debtors numerous powers and benefits that are similar or identical to those provided in the Bankruptcy Code, including, but not limited to:

i.      the ability to modify debt obligations and force creditors to accept partial satisfaction of their claims in the event threshold levels of creditor support for a restructuring plan can be obtained;

ii.     the capacity to obtain debtor-in-possession financing by granting priority liens on already encumbered property;

iii.    an automatic stay of proceedings against the debtor;

iv.     protection from the operation of contractual *ipso facto* clauses; and

v.      the ability to reject contracts.

24.     The Act also provides for the formation of statutory creditors' committees, court oversight of a plan of reorganization, and other features commonly associated with the federal bankruptcy regime.

25.     The Act is clearly a law "on the subject of Bankruptcies" within the meaning of the Bankruptcy Clause and accordingly treads on the Congress's exclusive province in enacting such legislation.  It is therefore unconstitutional in its entirety as a wholesale violation of the Bankruptcy Clause.

26.     The Act also contains numerous provisions that, standing alone, exceed defendants' powers to enact and enforce legislation and therefore violate the Constitution.

27.     *First*, the Act provides in section 322(c) that a debtor may obtain credit "secured by a senior or equal lien on the petitioner's property that is subject to a lien" if, among other things, "the proceeds are needed to perform public functions."  This provision authorizes PREPA

to seize the collateral securing Plaintiffs' PREPA Bonds for the purpose of securing additional lending for itself.

28.     The Fifth Amendment to the Constitution provides that "private property [shall not] be taken for public use, without just compensation" (the "Takings Clause"). *See* U.S. CONST. amend. V.  The Takings Clause applies to the states, and the Commonwealth, by virtue of Section 1 of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV, § 1.

29.     A grant of a superior lien on property that is already subject to a lien without just compensation to existing lienholders, as authorized by section 322(c) of the Act, constitutes a taking in violation of the Takings Clause.

30.     *Second*, the Act provides in section 202 that a creditor may be forced to accept a modification of its debt instrument provided that fifty percent of the creditors in a given "class" vote on such a modification, and 75 percent of those who submit ballots vote in favor of such modification.  Thus, the Act would force Plaintiffs to accept partial payment on their PREPA Bonds if other holders of PREPA Bonds vote to accept partial payment.

31.     Worse, sections 312 and 315 provide that, upon acceptance by a single creditor class and court approval, a public corporation may enforce a restructuring plan that extinguishes creditors' claims and may provide only partial satisfaction of such creditors' claims.  Thus, the Act would force Plaintiffs to accept partial payment on the PREPA Bonds even if every single PREPA bondholder voted against a restructuring plan that a small class of unrelated creditors voted to accept.

32.     Article 1, section 10 of the United States Constitution provides that "No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ."  (the "Contract Clause"). *See* U.S. CONST. art. I, § 10, cl. 1.

33.    The mechanisms set forth in sections 202, 312, and 315 of the Act deprive creditors of their contractual rights to payment in full of their claims, thus impairing contractual obligations in violation of the Contract Clause.

34.    To the extent these mechanisms also deprive secured creditors of the benefits of their security interests, they also effectuate a violation of the Takings Clause.

35.    *Third,* the Act provides in section 304 that a public corporation's filing for relief triggers an automatic stay of all proceedings against the corporation and any related proceedings against the Commonwealth and any elected official or employee of the corporation.

36.    However, pursuant to *Donovan v. City of Dallas*, 377 U.S. 408 (1964), and its progeny, state courts lack any power under the Constitution to enjoin proceedings in federal court.  Thus, to the extent it is argued the seeking of relief under the Act creates an automatic stay of any actions or proceedings in any federal court or any authority in a court of the Commonwealth to impose or extend such a stay, such purported powers violate well-settled constitutional limits on the power of state courts.

37.    By the same token, the Commonwealth cannot pass a law that denies litigants access to federal courts.  To the extent any provision of the Act enjoins, stays, suspends or precludes Plaintiffs from exercising their rights in federal court, including their right to challenge the constitutionality of the Act itself in federal court, those provisions also violate the Constitution.

## **CLAIM FOR RELIEF**

38.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 37 of this complaint.

39.     The operation of the Act, as enacted by the Commonwealth and signed (or soon to be signed) into law by the Governor, threatens to improperly impair Plaintiffs' rights under the PREPA Bonds in contravention to the Bankruptcy Clause, the Takings Clause, and the Contract Clause.

40.     Moreover, by authorizing a public corporation to seek relief under the Act, the Governor or the GDB Agent would be furthering these violations of the Bankruptcy Clause, the Takings Clause, and the Contract Clause.

41.     An actual case or controversy exists between Plaintiffs and the Commonwealth with respect to the constitutionality of the Act.

42.     An actual case or controversy exists between Plaintiffs and the Governor with respect to the constitutionality of the Act and the Governor's authority to authorize any entity to seek protection under the Act.

43.     An actual case or controversy exists between Plaintiffs and the GDB Agent with respect to the constitutionality of the Act and the GDB Agent's authority to authorize any entity to seek protection under the Act.

44.     An actual case or controversy exists between Plaintiffs and PREPA with respect to the constitutionality of the Act and PREPA's authority to seek protection under the Act.

45.     Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that the Act is unconstitutional.

46.     No means exist to obtain the relief requested other than a declaratory judgment by this Court.

**WHEREFORE**, Plaintiffs demand judgment:

i.   declaring that the Act in its entirety, and any prospective enforcement thereof or authorization thereunder, violates Article I, Section 8 of the United States Constitution as an improper exercise of bankruptcy legislation by a body other than the Congress of the United States;

ii.   declaring that the Act, and any prospective enforcement thereof or authorization thereunder, violates Article I, Section 10, clause 1 of the United States Constitution insofar as it permits the retroactive impairment of Plaintiffs' rights under the contracts governing the PREPA Bonds;

iii.   declaring that the Act, and any prospective enforcement thereof or authorization thereunder, violates the Fifth Amendment and the Fourteenth Amendment of the United States Constitution insofar as it permits the taking of Plaintiffs' interests in the collateral securing the PREPA Bonds;

iv.   declaring that the Act, and any prospective enforcement thereof or authorization thereunder, violates the Constitution insofar as it authorizes any stay of federal court proceedings;

v.   awarding costs, including attorneys' fees; and

vi.   granting such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today June 28, 2014.

By: /s/ Laura R. Domínguez-Llerandi
LAURA R. DOMÍNGUEZ-LLERANDI
USDC-PR No. 219,114
30 Reparto Piñero
Guaynabo, PR 00969-5650
Tel. (787) 528-7583
Fax. (787) 963-0677
E-mail: ldominguezlaw@gmail.com

– and –

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Amy Caton
THOMAS MOERS MAYER
AMY CATON
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
E-mail: acaton@kramerlevin.com

*Attorneys for Plaintiffs*