IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANKLIN CALIFORNIA TAX-FREE TRUST (for the FRANKLIN CALIFORNIA INTERMEDIATE-TERM TAX FREE INCOME FUND), et al.,<br><br>Plaintiffs,<br>              v.<br><br>THE COMMONWEALTH OF PUERTO RICO, et als.,<br><br>Defendants. | CASE NO. 14-1518 (FAB)<br><br><br><br>DECLARATORY JUDGMENT |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiffs the Franklin Funds and the Oppenheimer Rochester Funds,[1] by and through their attorneys and hereby move, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), for leave to file a Second Amended Complaint, a copy of which is attached hereto as **Exhibit 1**.[2]  In support of this Motion, Plaintiffs respectfully represent as follows:

Plaintiffs commenced this action in the District Court of Puerto Rico by Complaint, dated June 28, 2014 [Docket No. 1].  On June 29, 2014, Plaintiffs filed the Amended Complaint [Docket No. 2].  The Amended Complaint asserts claims against the Defendants that the Recovery Act violates: (i) Article I, Section 8 of the United States Constitution and section

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plaintiffs' Amended Complaint [Docket No. 2].

[2] An electronic comparison of the Second Amended Complaint to the Amended Complaint is attached hereto as **Exhibit 2**.

903(1) of chapter 9 of title 11 of the United States Code (the "**Bankruptcy Code**") as an improper exercise of bankruptcy legislation by a body other than the Congress of the United States, (ii) Article I, Section 10, clause 1 of the United States Constitution as it substantially impairs Plaintiffs' rights under the Trust Agreement governing the PREPA Bonds, (iii) the Fifth Amendment and the Fourteenth Amendment of the United States Constitution as it permits the taking of Plaintiffs' interests in the collateral securing the PREPA Bonds without just compensation, and (iv) the United States Constitution, generally, insofar as it authorizes any stay of federal court proceedings.

On July 21, 2014, Defendants the Commonwealth of Puerto Rico, Governor Alejandro J. Garcia Padilla, and John Doe, Agent for the Government Development Bank for Puerto Rico (collectively, the "**Commonwealth**"), filed a motion to dismiss the Amended Complaint [Docket No. 10], as did Defendant the Puerto Rico Electric Power Authority ("**PREPA**") [Docket No. 31] (collectively, the "**Motions to Dismiss**").

Plaintiffs seek leave to file a Second Amended Complaint for purposes of breaking out the claims for relief into specific counts; providing additional factual background, principally as to events that have occurred following the filing of the Amended Complaint; and adding additional allegations relating to the Plaintiffs' assertions that the Recovery Act violates the Contracts Clause of the United States Constitution.  More specifically, with respect to their Contract Clause claim, Plaintiffs intend to add allegations regarding (i) the specific provisions of the Trust Agreement that are substantially impaired by the Recovery Act, and (ii) specifics concerning alternative, less invasive measures that could have been taken that would achieve the same stated goals of the Recovery Act without substantially impairing Plaintiffs' contractual rights.

Under Federal Rule 15(a)(2), "[t]he court shall freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded") (citation omitted); *see also Clair Recreation Ctr. v. Flynn*, 897 F.2d 623, 625 (1st Cir. 1990) (allowing amendment to complaint); *Benitez-Allende v. Alcan Aluminio do Brasil, S.A.*, 857 F.2d 26, 36 (1st Cir. 1988) (reversing district court's denial of leave to amend: "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial") (internal quotations and citation omitted); *Gonzalez v. Hurley Int'l, Inc.*, No. 10-1919, 2011 WL 1404916 (D. P.R. Apr. 12, 2011) (granting leave to amend complaint in response to motion to dismiss).

The Supreme Court has described the standard under Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182.

None of the factors weighing against an amendment are present here. *First*, there has been no undue delay, as Plaintiffs have expeditiously sought to amend within two months of the initial filing and within twenty-one days of the filing of the Motions to Dismiss. *Second,* there is no bad faith or dilatory motive on the part of the Plaintiffs in seeking to file the Second Amended Complaint. *Third*, Defendants will not suffer any prejudice if the Court grants leave to amend. This case has only recently begun; a scheduling order has not yet been issued by this Court, nor has any discovery been taken. Moreover, many of the allegations proposed to be added are

similar to allegations already asserted in a complaint against many of the same Defendants, alleging identical constitutional violations, filed in this Court by BlueMountain Capital Management, LLC on July 22, 2014.  *See* Case No. 14-1569 (FAB), Dkt. 1.

**WHEREFORE**, based on the foregoing, the Plaintiffs respectfully request that this Court grant them leave to file the Second Amended Complaint attached hereto as **Exhibit A**, and grant such other relief as is just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 11th day of August, 2014.

**/s MANUEL FERNÁNDEZ-BARED**
MANUEL FERNÁNDEZ-BARED
USDC-PR No. 204,204
E-mail: mfb@tcmrslaw.com

**/s LINETTE FIGUEROA-TORRES**
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
E-mail: lft@tcmrslaw.com

**TORO, COLÓN, MULLET, RIVERA & SIFRE, P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

– and –

**/s LAURA R. DOMINGUEZ-LLERANDI**
LAURA R. DOMINGUEZ-LLERANDI
USDC-PR 219,114
30 Reparto Piñero
Guaynabo, PR 00969-5650
Tel.: (787) 528-7583
Fax.: (787) 963-0677
E-mail: ldominguezlaw@gmail.com

– and –

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

**/s THOMAS MOERS MAYER**
THOMAS MOERS MAYER
AMY CATON
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
Email: tmayer@kramerlevin.com
         acaton@kramerlevin.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this same day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**s/ LINETTE FIGUEROA-TORRES**
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
E-mail: lft@tcmrslaw.com

5