**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**
**Judge Francisco A. Besosa**

Civil Action No. 14-cv-1518-FAB

FRANKLIN CALIFORNIA TAX-FREE
TRUST, et al.,

                          Plaintiffs,

     vs.

THE COMMONWEALTH OF PUERTO
RICO, et al.

                        Defendants.

---

**COMMONWEALTH DEFENDANTS' MOTION FOR CONSOLIDATION**
**AND FOR ENTRY OF COORDINATED BRIEFING SCHEDULE**

---

COME NOW, the Commonwealth of Puerto Rico, Governor Alejandro J. García Padilla, in his official capacity, without submitting to the Court's jurisdiction and without waiving their affirmative defense to Eleventh Amendment immunity or sovereign immunity, and John Doe, agent for the Government Development Bank for Puerto Rico[1] (collectively, the "Commonwealth Defendants"), through the undersigned attorneys, and very respectfully STATE, AVER and PRAY:

---

[1] The GDB Agent moves to consolidate despite the fact that neither GDB nor its agent have been served with the Amended Complaint. The GDB Agent reserves its rights to object to the sufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5) if service is not perfected within the time limit set forth in Fed. R. Civ. P. 4(m).

## INTRODUCTION

On June 26, 2014, the Puerto Rico Legislative Assembly enacted the Puerto Rico Public Corporation Debt Enforcement and Recovery Act (the "Act"), P. del S. 1164, which ensures that Puerto Rico's public corporations can restructure their debt while continuing to provide vital public services.   In the aftermath of the enactment of this important legislation, two nearly-identical challenges have been brought before this Court seeking the Act's invalidation. These actions—*Franklin California Tax-Free Trust v. The Commonwealth of Puerto Rico*, No. 14-cv-1518 (hereinafter, the "Franklin Action"), and *BlueMountain Capital Management, LLC v. Padilla*, No. 14-cv-1569 (hereinafter, the "BlueMountain Action")—indisputably involve a number of common parties, common questions of law, and common issues of fact.  Given the clear efficiencies—both for the Court and the parties—that would result from consolidation and coordinated briefing, the Commonwealth Defendants respectfully request consolidation of these actions pursuant to Federal Rule of Civil Procedure 42(a) and that the BlueMountain Action be placed on the same briefing schedule with regard to motions to dismiss as the Court has established for the Franklin Action.

## PROCEDURAL HISTORY

Seeking to address the ongoing fiscal emergency facing the Commonwealth and its public corporations, on June 26, 2014, the Legislative Assembly enacted the Puerto Rico Public Corporation Debt Enforcement and Recovery Act.  The Act is patterned after the federal bankruptcy code and seeks to protect a public corporation's creditors by providing them more value than they could receive if all creditors sought to enforce their claims against the corporation simultaneously, while also ensuring that the public corporation can maintain critical public functions during the restructuring of its debts and obligations.

On June 28, 2014, the same day Governor Alejandro García Padilla signed the Act into law, a group of financial funds led by the Franklin California Tax-Free Trust (collectively, the "Franklin Plaintiffs") filed a complaint seeking to invalidate the Act.  [Case No. 14-cv-1518, ECF No. 1.]  The action, styled as *Franklin California Tax-Free Trust v. The Commonwealth of Puerto Rico*, No. 14-cv-1518, names as defendants the Commonwealth, the Puerto Rico Electrical Power Authority ("PREPA"), Governor Alejandro García Padilla (in his official capacity), and John Doe, agent for the Government Development Bank for Puerto Rico (the "GDB Agent").   The complaint seeks a declaration that the Act (and any prospective enforcement thereof) violates (i) the Bankruptcy Clause of the United States Constitution; (ii) the Contract Clause of the United States Constitution; (iii) the Takings Clause of the United States Constitution; and (iv) the United States Constitution "insofar as it authorizes any stay of federal court proceedings."  The Franklin Plaintiffs amended their complaint the following day, raising these same issues and seeking a similar declaration.  [Case No. 14-cv-1518, ECF No. 2.]

On July 21, 2014, the Commonwealth Defendants and PREPA moved to dismiss the Franklin Action.  [*See* Case No. 14-cv-1518, ECF Nos. 10, 31.]

The following day, July 22, 2014, BlueMountain Capital Management, LLC ("BlueMountain") filed a complaint for declaratory and injunctive relief for and on behalf of funds invested in PREPA bonds for which it acts as an investment manager.  [Case No. 14-cv-1569, ECF No. 1.]   Unlike the Franklin Action, the BlueMountain Action does not name PREPA as a defendant, but does name Governor García Padilla (in his official capacity) and the GDB Agent, as well as César R. Miranda Rodríguez, in his official capacity as Secretary of Justice for Puerto Rico.  The BlueMountain Action raises analogous claims to the Franklin Action and requests similar relief, namely a declaration that the Act (and any prospective

enforcement thereof) violates (i) the Bankruptcy Clause of the United States Constitution; (ii) the Contract Clause of the United States Constitution; and (iii) the United States Constitution insofar as it authorizes any suspension or stay of federal court proceedings. The BlueMountain Action also seeks a declaration that the Act violates the Contract Clause of the Puerto Rico Constitution.

In the required civil cover sheet filed by BlueMountain upon the initiation of litigation, BlueMountain certified that its action is related to the Franklin Action. [Case No. 14-cv-1569, ECF No. 1-4.] Accordingly, "[p]ursuant to the Court's administrative policy to promote judicial economy," on July 22, 2014, the Clerk of the Court, recognizing that "the claims presented in [the BlueMountain Action] are related to those already under consideration in [the Franklin Action]," directly assigned the BlueMountain Action to this Court's docket. [Case No. 14-cv-1569, ECF No. 8.] On August 12, 2014, before the defendants to the BlueMountain Action filed a motion to dismiss or responsive pleading, BlueMountain amended its complaint. [*See* Case No. 14-cv-1569, ECF No. 20.] BlueMountain's Amended Complaint adds few new allegations and seeks the same relief as BlueMountain's original complaint. The Commonwealth Defendants intend to move to dismiss BlueMountain's newly filed Amended Complaint.

On August 11, 2014, the Franklin Plaintiffs moved this Court for leave to file a Second Amended Complaint, which the Court granted. [ECF Nos. 77, 80.] The Second Amended Complaint, which was filed on the same day [*see* ECF No. 85], incorporates many of the arguments raised in the BlueMountain Complaint, including additional allegations relating to the Franklin Plaintiffs' assertions that the Act violates the Contracts Clause of the United States Constitution. Indeed, in moving for leave to amend, the Franklin Plaintiffs admitted that "many of the allegations proposed to be added are similar to allegations already asserted in a complaint against many of the same Defendants, alleging identical constitutional violations, filed in this

4

Court by BlueMountain Capital Management, LLC on July 22, 2014." [ECF No. 77, at 3-4.]

On the same day the Franklin Plaintiffs sought leave to file a Second Amended Complaint, they also filed their opposition to the Commonwealth Defendants' and PREPA's respective motions to dismiss, and also filed a Cross-Motion for Summary Judgment.

On August 12, 2014, the Court ordered a briefing schedule with regarding to the pending motions to dismiss the Franklin Action as well as the Franklin Plaintiffs' Cross-Motion for Summary Judgment. [ECF No. 86.] Specifically, the Court ordered:

- Defendants may supplement their motions to dismiss no later than **September 12, 2014**;

- Defendants may oppose the Franklin Plaintiffs' cross-motion for summary judgment until **September 12, 2014**;

- Plaintiffs may file a reply to the summary judgment oppositions defendants may file no later than **October 6, 2014**. On that day, plaintiffs may also file a supplemental opposition to any supplemental motion to dismiss that defendants may file.

## <u>ARGUMENT</u>

### I.     **The Franklin and BlueMountain Actions Should Be Consolidated.**

Federal Rule of Civil Procedure 42(a) authorizes consolidation of actions "[i]f [the] actions before the court involve a common question or law or fact." Fed. R. Civ. P. 42(a)(2). In applying Rule 42, courts "have stressed that the purpose of joining actions is to promote convenience and judicial economy." *Gonzalez-Quiles v. Cooperativa De Ahorro y Credito De Isabela,* 250 F.R.D. 91, 92 (D.P.R. 2007); *Barceló v. Brown,* 78 F.R.D. 531, 536 (D.P.R. 1978) ("The paramount objective of consolidation is the accomplishment of great convenience and economy in the administration of justice."). Specifically, consolidation is designed to avoid "(1) overlapping trials containing duplicative proof; (2) excess cost incurred by all parties and the Government; (3) the waste of valuable court time in the trial of repetitive claims; and (4) the burden placed on a new judge in gaining familiarity with the cases." *Vazquez Rivera v. Congar*

*Int'l Corp.,* 241 F.R.D. 94, 95 (D.P.R. 2007).  Although "the decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court," *Gonzalez-Quiles,* 250 F.R.D. at 93, "[a] motion for consolidation will usually be granted unless the party opposing it can show demonstrable prejudice."  *Rivera-Feliciano v. Acevedo-Vila*, 2007 WL 582006, *5 (D.P.R. Feb. 20, 2007).

Here, the interests of judicial economy and convenience to the parties and the Court weigh strongly in favor of consolidating the Franklin and BlueMountain Actions.  First and foremost, these actions share sufficient common questions of fact and law.  Both actions challenge the Commonwealth's new Act and any prospective enforcement thereof on overlapping grounds.  Both actions seek a declaration that the Act violates the Bankruptcy and Contract Clauses of the United States Constitution.  Both actions also seek a declaration that the Act violates the United States Constitution insofar as it authorizes any suspension or stay of federal court proceedings.  Indeed, it is for these reasons that BlueMountain indicated in filing its complaint that its action was related to the pending Franklin Action.  [*See* Case No. 14-cv-1569, ECF No. 1-4.]  Likewise, in moving for leave to amend, the Franklin Plaintiffs admitted that "many of the allegations proposed to be added are similar to allegations already asserted in a complaint against many of the same Defendants, alleging identical constitutional violations," filed by BlueMountain.  [Case No. 14-cv-1518, ECF No. 77.]

Although each action raises a non-common issue—the Franklin Action alleges a violation of the Takings Clause, and the BlueMountain Action alleges a violation of the Contract Clause of the Puerto Rico Constitution—the nexus (and indeed most of the substance) of the two complaints remains the same and the mere existence of some different causes of action cannot alone defeat consolidation.  *See Kaplan v. Gelfond,* 240 F.R.D. 88, 91 (S.D.N.Y. 2007)

("[D]ifferences in causes of action [or] defendants . . . do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law and the differences do not outweigh the interests of judicial economy served by consolidation."); *Linton v. Angie's Inc.*, 288 F.R.D. 432, 437 (D.S.D. 2012)  ("The fact that each plaintiff has not alleged identical causes of actions does not bar consolidation[.]"); 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2384 (3d ed.) ("Consolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions that are not common to all the actions; the critical consideration, as in other contexts under the Federal Rules, is whether there is at least one common question of law or fact to justify bringing the actions together ....").

Similarly, the actions involve common defendants, including the Governor of Puerto Rico (who has been sued in both actions in his official capacity) as well as an agent for the Government Development Bank for Puerto Rico.  As with the non-common causes of action, it is well settled that the fact that certain of the defendants (including PREPA) are not common between the two actions is not grounds for denying consolidation.  *See, e.g.*, *id.*; *see also Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) ("Cases may be consolidated even where certain defendants are named in only one of the complaints."); *Nat'l Ass'n of Mortgage Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) ("Identity of the parties is not a prerequisite.  To the contrary, cases may be consolidated even where certain defendants are named in only one of the Complaints . . . ."); *Gregory v. Starwood Hotels & Resorts Worldwide, Inc.*, 2003 WL 446824, *1 (E.D. La. Feb. 19, 2003) ("The district court may consolidate cases even if one or more parties opposes consolidation, and the fact that a defendant may be involved in one case and not the other does not defeat consolidation."); Wright, § 2384 ("Although identity of the parties in multiple actions strengthens the case for consolidation under

Rule 42(a), it is not required.  A substantial common question of law or fact is enough.  If an appropriate common question exists, federal courts often have consolidated actions despite differences in the parties.").

Furthermore, consolidation of these actions "would both reduce the litigation costs to the parties and serve judicial economy," and would not prejudice the plaintiffs in either action. *Pino-Betancourt v. Hosp. Pavia Santurce*, 928 F. Supp. 2d 393, 395 (D.P.R. 2013).  Both actions are currently pending before this Court.  Additionally, both actions are at the earliest stage of litigation—indeed, the plaintiffs have filed amended complaints in each action in just the past few days—which is ideal for consolidation.  Finally, given the commonality of issues and parties, there would be no risk of prejudice to the parties or confusion if the cases are consolidated; indeed, the cases have just started and no entity has taken advantage of the Act to date.  To the contrary, keeping these cases separate would risk such confusion and prejudice the Commonwealth Defendants, who would be likely to incur excess costs in defending two similar actions on separate tracks at once.  At the same time, it would risk "the waste of valuable court time in the trial of repetitive claims."  *Vazquez Rivera*, 241 F.R.D. at 95.  For these reasons, the Court should grant the Commonwealth Defendants' request for consolidation.[2]

## II.     The Court Should Approve a Common Briefing Schedule For the Two Actions.

In addition to consolidating the Franklin and BlueMountain Actions, the Court should order that the BlueMountain Action be placed on a common briefing schedule with the Franklin Action to align the two cases for the purpose of dispositive motions under Federal Rule of Civil

---

[2] Although the Commonwealth Defendants urge consolidation, the Commonwealth Defendants understand that consolidation "does not alter the character of separate suits." nor does it "merge the two suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another."  *Pino-Betancourt v. Hosp. Pavia Santurce*, 928 F. Supp. 2d 393, 396 (D.P.R. 2013) (Besosa, J.) (citations omitted).  Specifically, the Commonwealth Defendants understand that the plaintiffs shall maintain their respective actions against only the defendants named in their respective amended complaints (absent any further amendment), and that the plaintiffs shall maintain the right to file independent pleadings on behalf of their respective clients.

Procedure 12(b)(1) and 12(b)(6).  Both PREPA and the Commonwealth Defendants intend to supplement their motions to dismiss the Franklin Action and to oppose the cross-motion for summary judgment in that action, and the Commonwealth Defendants (including the Secretary of Justice) intend to move to dismiss the amended BlueMountain complaint as well.  Given the substantial overlap in legal issues, the Commonwealth Defendants anticipate that their respective motions to dismiss will address many of the same issues (including many of the issues already addressed in the Commonwealth Defendants' motion to dismiss the Franklin Action).

For the reasons set forth above, coordinating the briefing of these actions on the same schedule would best serve the interests of convenience and judicial economy, while avoiding confusion and the waste of judicial and party resources.  Accordingly, the Commonwealth Defendants respectfully request that the Court enter the following schedule for the BlueMountain Action to align it with the Franklin Action:

(i)      The defendants in the BlueMountain Action shall file their motions to dismiss the amended BlueMountain Action no later than **September 12, 2014**;

(ii)     BlueMountain shall file its opposition to the defendants' motion to dismiss no later than **October 6, 2014**;

(iii)    The defendants in the BlueMountain Action shall file their replies in support of their motion to dismiss no later than **November 4, 2014**.

Finally, the Court's August 12, 2014 order regarding briefing on defendants' motions to dismiss the Franklin Action [ECF No. 86] did not provide leave for defendants to file replies to the Franklin Plaintiffs' supplemental opposition to the defendants' supplemental motions to dismiss.    The Commonwealth Defendants hereby request leave for PREPA and the

Commonwealth Defendants to file such replies and propose that such replies also be due no later than **November 4, 2014.**

## <u>CONCLUSION</u>

WHEREFORE, it is respectfully requested from this Honorable Court that it GRANT the instant motion, CONSOLIDATE the Franklin and BlueMountain Actions, and ORDER the briefing schedule set forth above.

Respectfully Submitted,

César R. Miranda Rodríguez
  *Secretary of Justice*

Marta Elisa González Y.
  *Deputy Secretary of Justice*
  *in Charge of Litigation*

DEPARTMENT OF JUSTICE
GENERAL LITIGATION OFFICE
Federal Litigation and Bankruptcy Division
P.O. Box 9020192
San Juan, PR  00902-0192
Tel:  (787) 721-2900

*s/ Jorge L. Flores De Jesús*
Jorge L. Flores De Jesús
  *Special Assistant to the Secretary of Justice*
(USDC-PR No. 231407)
jlflores@justicia.pr.gov

*s/ Janitza M. García-Marrero*
Janitza M. García-Marrero
(USDC-PR No. 222603)
jgarcia@justicia.pr.gov

*s/ Maraliz Vázquez Marrero*
Maraliz Vázquez Marrero
(USDC-PR No. 225504)
marvazquez@justicia.pr.gov

*s/ Joseph G. Feldstein-Del Valle*
Joseph G. Feldstein-Del Valle
(USDC-PR No. 230808)
jfeldstein@justicia.pr.gov

*Attorneys for the Commonwealth of Puerto*
  *Rico and Governor Alejandro J. Garcia*
  *Padilla, in his official capacity*

Dated: August 15, 2014

Susan M. Davies
Eugene F. Assaf, P.C.
Michael A. Glick
Liam P. Hardy
Claire M. Murray
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC 20005
Tel:  (202) 879-5000

Paul M. Basta, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel:  (212) 446-4800

James H.M. Sprayregen, P.C.
  KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel:  (312) 862-2000

*Attorneys for the Commonwealth of Puerto*
  *Rico, Governor Alejandro J. Garcia*
  *Padilla, in his official capacity, and John*
  *Doe, agent for the Government*
  *Development Bank for Puerto Rico*

*s/ Alejandro Febres-Jorge*
Alejandro Febres-Jorge
(USDC-PR No. 228403)
GOVERNMENT DEVELOPMENT BANK
  FOR PUERTO RICO
Roberto Sánchez Vilella Government Center
De Diego Avenue No. 100
Santurce, Puerto Rico 00907-2345
Tel: (787) 729-6438

*Attorney for John Doe, agent for the*
  *Government Development Bank for*
  *Puerto Rico*

11

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in Case No. 14-cv-1518.

Additionally, pursuant to Local Rule 42, I have served this motion for consolidation by electronic mail on all parties within Case No. 14-cv-1569, the case for which consolidation is sought.

In San Juan, Puerto Rico, this 15th day of August 2014.


<u>*s/ Janitza M. García-Marrero*          </u>
Janitza M. García-Marrero