IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANKLIN CALIFORNIA TAX-FREE TRUST (for the FRANKLIN CALIFORNIA INTERMEDIATE-TERM TAX FREE INCOME FUND), et al., <br><br> Plaintiffs, <br> v. <br><br> THE COMMONWEALTH OF PUERTO RICO, et al., <br><br> Defendants. | CASE NO. 14-1518 (FAB) <br><br><br><br> DECLARATORY JUDGMENT <br><br><br><br><br> Consolidated with: |
| BLUEMOUNTAIN CAPITAL MANAGEMENT, LLC, for and on behalf of investment funds for which it acts as investment manager, <br><br> Plaintiffs, <br> v. <br><br> ALEJANDRO J. GARCÍA PADILLA, in his official capacity as Governor of Puerto Rico, et al., <br><br> Defendants. | CASE NO. 14-1569 (FAB) <br><br><br><br><br> DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF |

**REPLY STATEMENT OF MATERIAL FACTS OF PLAINTIFFS FRANKLIN FUNDS AND OPPENHEIMER ROCHESTER FUNDS IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE COURT:**

  **COMES NOW** Plaintiffs the Franklin Funds and the Oppenheimer Rochester Funds ("**Plaintiffs**"), in support of their cross-motion for summary judgment, and in accordance with Fed. R. Civ. P. 56, Plaintiffs hereby submit the following reply statement of material facts

- 1-

in response to the *Puerto Rico Electric Power Authority's Opposing Statement of Material Facts and Additional Statement of Material Facts* [Dkt. No. 97-1].

1. *On August 14, 2014, PREPA and creditors of PREPA controlling more than 60% of its outstanding bonds entered into a forbearance agreement pursuant to which PREPA will receive access to additional liquidity over a seven-month period. See Forbearance Agreement Between PREPA and Insurers and members of the Ad Hoc Group of PREPA Bondholders, Friedman Decl., Ex. 3 at 2.*

> **RESPONSE:** Plaintiffs admit the entry into the forbearance agreement but otherwise deny this statement of fact to the extent it is inconsistent with the terms of the forbearance agreement, which, as a written document, speaks for itself.

2. *Pursuant to this agreement, the forbearing insurers and bondholders, including Plaintiffs, agreed not to exercise specified remedies against PREPA during the term of the agreement. See id.*

> **RESPONSE:** Plaintiffs deny this statement of fact to the extent it is inconsistent with the terms of the forbearance agreement, which, as a written document, speaks for itself.

3. *Also pursuant to this agreement, the forbearing insurers and bondholders, including Plaintiffs, agreed to raise the threshold percentage of outstanding bonds necessary to compel the bond Trustee to exercise certain remedies. See Sixteenth Supplemental Agreement to the Trust Agreement, Friedman Decl. Ex. 4 at 9.*

> **RESPONSE:** Plaintiffs deny this statement of fact to the extent it is inconsistent with the terms of the forbearance agreement, which, as a written document, speaks for itself.

*4. On this same date, PREPA entered into forbearance agreements with certain bank creditors, pursuant to which those bank creditors agreed not to exercise specified remedies during the term of the agreements. See Forbearance Agreement between PREPA and Citibank, N.A., Friedman Decl., Ex. 5 at 2; Forbearance and Amendment Agreement between PREPA and Scotiabank de Puerto Rico, Friedman Decl., Ex. 6 at 2-3.*

> **RESPONSE:** Plaintiffs admit the entry into the forbearance agreements but otherwise deny this statement of fact to the extent it is inconsistent with the terms of the forbearance agreements, which, as written documents, speak for themselves.

*5. Also pursuant to the forbearance agreements, PREPA agreed to complete a five-year business plan by December 15, 2014 and to deliver a full debt restructuring plan acceptable to the requisite percentage of creditors by March 2, 2015. See Forbearance Agreement Between PREPA and Insurers and members of the Ad Hoc Group of PREPA Bondholders, Friedman Decl., Ex. 3 at 9, 15.*

> **RESPONSE:** Plaintiffs deny this statement of fact to the extent it is inconsistent with the terms of the forbearance agreement, which, as a written document, speaks for itself.

*6. Also pursuant to the forbearance agreements, PREPA has covenanted to provide certain information to the forbearing bondholders and insurers. See id. at 7-8.*

> **RESPONSE:** Plaintiffs deny this statement of fact to the extent it is inconsistent with the terms of the forbearance agreement, which, as a written document, speaks for itself.

*7.     Also pursuant to the forbearance agreements, PREPA has covenanted that the forbearing bondholders and insurers maintain certain rights of consent to any amendment to PREPA's forbearance agreements with certain bank lenders.  See id. at 8.*

**RESPONSE:** Plaintiffs deny this statement of fact to the extent it is inconsistent with the terms of the forbearance agreement, which, as a written document, speaks for itself.

*8.     Also pursuant to the forbearance agreements, PREPA has covenanted that the forbearing bondholders and insurers maintain certain rights to make diligence requests to PREPA.  See id. at 9.*

**RESPONSE:** Plaintiffs deny this statement of fact to the extent it is inconsistent with the terms of the forbearance agreement, which, as a written document, speaks for itself.

*9.     Also pursuant to the forbearance agreements, forbearing creditors are permitted to terminate such agreements if PREPA failed to appoint a chief restructuring officer by September 8, 2014.  Such officer was appointed prior to such time.  See id. at 10, 15.*

**RESPONSE:** Plaintiffs deny this statement of fact to the extent it is inconsistent with the terms of the forbearance agreement, which, as a written document, speaks for itself.  Plaintiffs admit that a chief restructuring officer was appointed prior to September 8, 2014.

*10.    Also pursuant to the forbearance agreements, the forbearing bondholders and insurers are entitled to certain forbearance fees and amendment fees.  See id. at 10.*

>**RESPONSE:** Plaintiffs deny this statement of fact to the extent it is inconsistent with the terms of the forbearance agreement, which, as a written document, speaks for itself.

*11.     On July 3, 2014, Plaintiff Oppenheimer Funds posted an entry on its public website stating, among other thing: "While prices of Puerto Rico securities have recently declined and market conditions have been challenging, the Rochester team believes that the distressed securities have far more upside than downside in the long term." See Oppenheimer Funds Rochester Communique, July 3, 2014, Friedman Decl., Ex. 7 at 3.*

>**RESPONSE:** Plaintiffs admit that the quoted statement was posted on the public website of the Oppenheimer Rochester Funds.  Plaintiffs qualify this statement of fact by noting that the quoted statement did not reference the PREPA Bonds.  There are at least 18 municipal Puerto Rican issuers of publicly traded bonds, many of which the Oppenheimer Rochester Funds hold in significant amounts; the PREPA Bonds represent only a portion of these total holdings.  *See* Declaration of Randy Legg ¶ 6 [Dkt. No. 82].  The Recovery Act affects only a very limited number of such issuers, including PREPA.  *See* Recovery Act, Stmt. of Motives.

**RESPECTFULLY SUBMITTED.**

San Juan, Puerto Rico, October 6, 2014

>**s/MANUEL FERNÁNDEZ-BARED**
>MANUEL FERNÁNDEZ-BARED
>USDC-PR No. 204,204
>E-mail: mfb@tcmrslaw.com
>
>**s/LINETTE FIGUEROA-TORRES**
>LINETTE FIGUEROA-TORRES
>USDC-PR No. 227,104

E-mail: lft@tcmrslaw.com

**TORO, COLÓN, MULLET, RIVERA & SIFRE, P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

– and –

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

THOMAS MOERS MAYER
AMY CATON
PHILIP BENTLEY
P. BRADLEY O'NEILL
DAVID E BLABEY JR.
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
Email: tmayer@kramerlevin.com
       acaton@kramerlevin.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**/s LINETTE FIGUEROA-TORRES**
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
E-mail: lft@tcmrslaw.com