IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANKLIN CALIFORNIA TAX-FREE TRUST (for the FRANKLIN CALIFORNIA INTERMEDIATE-TERM TAX FREE INCOME FUND), et al., <br><br> Plaintiffs, <br> v. <br><br> THE COMMONWEALTH OF PUERTO RICO, et al., <br><br> Defendants. | CASE NO. 14-1518 (FAB) <br><br><br><br> DECLARATORY JUDGMENT <br><br><br><br><br><br> Consolidated with: |
| BLUEMOUNTAIN CAPITAL MANAGEMENT, LLC, for and on behalf of investment funds for which it acts as investment manager, <br><br> Plaintiffs, <br> v. <br><br> ALEJANDRO J. GARCÍA PADILLA, in his official capacity as Governor of Puerto Rico, et al., <br><br> Defendants. | CASE NO. 14-1569 (FAB) <br><br><br><br><br> DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF |

## PLAINTIFFS' MOTION FOR ORAL ARGUMENT

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs the Franklin Funds and the Oppenheimer Rochester Funds,[1] through their undersigned counsel, and, pursuant to Local Civil Rule 7(f), hereby respectfully request oral argument with regard to (i) the motions filed by defendants the Commonwealth of Puerto Rico, the Puerto Rico Electric Power Authority, Governor Alejandro J. García-Padilla, in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plaintiffs' Second Amended Complaint. See Dkt. 85.

his official capacity, and Melba Acosta, agent for the Government Development Bank for Puerto Rico (collectively, "Defendants"), to dismiss Plaintiffs' Second Amended Complaint and (ii) Plaintiffs' cross-motion for summary judgment.

1.  Plaintiffs' Second Amended Complaint seeks a judgment declaring that the Public Corporation Debt Enforcement and Recovery Act, Act No. 71 of June 28, 2014 (the "Recovery Act"), violates multiple provisions of the United States Constitution. Specifically, Plaintiffs allege that the Recovery Act (i) is preempted by the express terms of Bankruptcy Code § 903(1) and by the Bankruptcy Clause of the Constitution; (ii) effects a taking, without compensation, of the PREPA secured bonds' collateral and their right to seek appointment of a receiver in violation of the Takings Clause of the Constitution; (iii) substantially impairs Plaintiffs' contractual rights in violation of the Contracts Clause of the Constitution; and (iv) provides for an automatic stay of actions against PREPA in violation of Plaintiffs' constitutional right to litigate their claims in federal court.[2]

2.  No court has yet had occasion to consider these challenges to the recently-enacted Recovery Act. Consequently, Defendants' motions to dismiss these claims raise multiple issues of first impression. For example:

- The Bankruptcy Code expressly prohibits the enactment of any "State law" permitting the non-consensual restructuring of municipal debt (11 U.S.C. § 903(1)) and defines "State" to include Puerto Rico (11 U.S.C. § 101(52)). Defendants contend that this prohibition does not apply to Puerto Rico. While Plaintiffs believe the plain meaning and legislative history of these provisions defeat Defendants' novel reading of the Bankruptcy Code, no court has yet had occasion to consider Defendants' argument.

---

[2] Similar claims are asserted in the Amended Complaint filed by BlueMountain Capital Management, LLC, which challenges the Recovery Act on preemption, Contracts Clause and access-to-federal-courts grounds, though not on Takings Clause grounds. By order dated August 20, 2014 [Dkt. 92], this Court consolidated these two related suits and set a consolidated briefing schedule for Defendants' motions to dismiss in the two actions. Given the similarity of the claims in these two suits, a single consolidated argument may be appropriate.

- The Recovery Act eliminates Plaintiffs' right to seek the appointment of a receiver and permits PREPA to use Plaintiffs' collateral without compensation. Plaintiffs contend that these provisions constitute both a "direct taking" and a "regulatory taking" under the Takings Clause of the U.S. Constitution, as well as a violation of the Contracts Clause. No court has yet ruled on these, or any other, constitutional challenges to the Recovery Act.

- Defendants contend that Plaintiffs' suit is not yet ripe for judicial determination and that Plaintiffs do not have standing, despite Plaintiffs' allegations that the Recovery Act has already harmed and will continue to harm them in many ways. Oral argument may help to clarify these ripeness and standing issues, as to which the case law is not settled.

3. Because of the novelty and complexity of the issues raised by the pending motions, as well as the constitutional significance of this suit and its importance to the Commonwealth of Puerto Rico (see, e.g., Commonwealth's Motion to Dismiss, Dkt. 95-1 at 4: "The Act is a key component of the Commonwealth's response to this overwhelming fiscal emergency"),[3] Plaintiffs respectfully submit that oral argument may be of assistance to the Court.

**WHEREFORE**, Plaintiffs request that the Honorable Court schedule oral argument on Defendants' motions to dismiss and Plaintiffs' cross-motion for summary judgment.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today November 25, 2014.

> **/s MANUEL FERNÁNDEZ-BARED**
> MANUEL FERNÁNDEZ-BARED
> USDC-PR No. 204,204
> E-mail: mfb@tcmrslaw.com
>
> **/s LINETTE FIGUEROA-TORRES**
> LINETTE FIGUEROA-TORRES
> USDC-PR No. 227,104
> E-mail: lft@tcmrslaw.com

---

[3] Earlier this month, House Majority Leader Javier Aponte-Dalmau confirmed to the press that PREPA was directed to file for bankruptcy in 2015 to ensure the continuity of its operations and debt payments to bondholders. The Majority Leader stated that the information he has is reliable because it comes from meetings and conversations with top PREPA executives and from the recommendations made by the chief restructuring officer, Lisa Donahue. See http://notiuno.com/exclusiva-creen-que-esta-cerca-declaracion-de-quiebra-aee/.

                      **TORO, COLÓN, MULLET, RIVERA & SIFRE, P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

– and –

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
**/s THOMAS MOERS MAYER**
THOMAS MOERS MAYER
AMY CATON
PHILIP BENTLEY
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
Email: tmayer@kramerlevin.com
       acaton@kramerlevin.com
       pbentley@kramerlevin.com

*Attorneys for Plaintiffs Franklin Funds and Oppenheimer Rochester Funds*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                      **/s LINETTE FIGUEROA-TORRES**
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
E-mail: lft@tcmrslaw.com