# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANKLIN CALIFORNIA TAX-FREE TRUST, et al.,<br><br>      Plaintiffs,<br><br>vs.<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>      Defendants. | Case No. 14-1518 (FAB) |

## RESPONSE TO PLAINTIFFS' MOTION FOR ORAL ARGUMENT

JORGE R. ROIG COLÓN
VIRGILIO J. MACHADO-AVILÉS
GONZÁLEZ, MACHADO & ROIG, LLC
PO Box 193077
San Juan, Puerto Rico 00919-3077
(787) 773-6363
(888) 450-9876

*Local Counsel*

LAWRENCE B. FRIEDMAN
RICHARD J. COOPER
LEWIS J. LIMAN
SEAN A. O'NEAL
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Pro Hac Vice Counsel*

Date:   December 2, 2014

**COMES NOW**, Defendant PREPA, through the undersigned counsel, and very respectfully states and prays:

PREPA does not oppose Plaintiffs' Motion for Oral Argument on Defendants' motions to dismiss Plaintiffs' Second Amended Complaint and Plaintiffs' cross-motion for summary judgment.[1]  However, Plaintiffs' Motion incorrectly characterizes the issues before the Court.

First, Plaintiffs are incorrect that Section 903 of the Bankruptcy Code "expressly prohibits the enactment of any 'State law' permitting the non-consensual restructuring of municipal debt…." Mot. for Oral Arg. at 2.  For the reasons set forth in Defendants' filings, Section 903 does not preempt the Recovery Act, and indeed does not apply to Puerto Rico at all. See Mem. of L. in Supp. of the Commonwealth Defendants' Mot. to Dismiss the Franklin Plaintiffs' Second Am. Compl. and the BlueMountain Plaintiffs' Am. Compl. at 19-20; Reply Mem. of L. in Supp. of the Commonwealth Defendants' Mot. to Dismiss the Franklin Plaintiffs' Second Am. Compl. and the BlueMountain Plaintiffs' Am. Compl. at 9-12.

Second, Plaintiffs are incorrect that the Recovery Act "eliminates Plaintiffs' right to seek the appointment of a receiver and permits PREPA to use Plaintiffs' collateral without compensation."   Mot. for Oral Arg. at 2.  For the reasons set forth in Defendants' filings, to date, the Recovery Act has had no impact on Plaintiffs' right to seek the appointment of a receiver, or on their collateral, because, among other reasons, the conditions to appointing a receiver have not been satisfied and in any event the Recovery Act does not alter the bondholders' contractual right to seek appointment of a receiver.  See Mem. of L. at pp. 8-11. 22-25; Reply Mem. of L. at 1-7.

---

[1] Capitalized terms and abbreviations in this Response have the same meaning as in PREPA's briefs.

Third, Plaintiffs are incorrect that they have properly alleged that "the Recovery Act has already harmed and will continue to harm them in many ways." Mot. for Oral Arg. at 3. To the contrary, Plaintiffs have failed to allege any present harm they have suffered due to the Recovery Act, let alone harm that rises to the level necessary to give Plaintiffs standing to file a ripe claim. See Mem. of L. at 8-11. 22-25; Reply Mem. of L. at 1-7. Further, Plaintiffs are incorrect that the case law that demonstrates their claims are unripe and they lack standing to assert those claims "is not settled." Mot. for Oral Arg. at 3. Rather, binding Supreme Court and First Circuit precedent demonstrates that Plaintiffs have failed to adequately allege that they have suffered hardship or that their claims are fit for review, and have failed to adequately allege cognizable injury-in-fact which is traceable to PREPA's actions and redressable by the relief they seek. See Mem. of L. at 5-25; Reply Mem. of L. at 1-10. Nearly six months after the passage of the Recovery Act, it has still never been invoked.[2]

---

[2] Plaintiffs cite a statement from House Majority Leader Javier Aponte-Dalmau to the effect that PREPA was "directed to file for bankruptcy in 2015…." Mot. for Oral Arg. at 3, n. 3. Plaintiffs' resort to this vague and prospective statement simply proves the point that all of their claims are based on prospective, hypothetical and contingent allegations. Moreover, Representative Dalmau does not speak for PREPA, the GDB, the Executive Branch or any other entity with decision-making authority over PREPA.

Dated:  December 2, 2014          RESPECTFULLY SUBMITTED,

        s/ Jorge R. Roig Colón
        **JORGE R. ROIG COLÓN**
        USDC-PR 220706
        e-mail: jroig@gonzalezroig.com
        *Local Counsel*

        s/ Virgilio J. Machado-Avilés
        **VIRGILIO J. MACHADO-AVILÉS**
        USDC-PR 228411
        e-mail: vmachado@gonzalezroig.com
        *Local Counsel*

**GONZÁLEZ, MACHADO & ROIG, LLC**

PO Box 193077
San Juan, Puerto Rico 00919-3077
Tel. (787) 773-6363
Fax. (888) 450-9876

        s/ Lawrence B. Friedman
        LAWRENCE B. FRIEDMAN
        RICHARD J. COOPER
        LEWIS J. LIMAN
        SEAN A. O'NEAL
        **CLEARY GOTTLIEB STEEN & HAMILTON LLP**
        One Liberty Plaza
        New York, New York 10006
        (212) 225-2000
        Fax: (212) 225-3999
        *Pro Hac Vice Counsel*

        ***Attorneys for the Puerto Rico Electric Power Authority***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 2nd day of December 2014.

s/ Jorge R. Roig Colón
**JORGE R. ROIG COLÓN**
USDC-PR 220706
e-mail: jroig@gonzalezroig.com
*Local Counsel*

GONZÁLEZ, MACHADO & ROIG, LLC

PO Box 193077
San Juan, Puerto Rico 00919-3077
Tel. (787) 773-6363
Fax. (888) 450-9876

***Attorneys for the Puerto Rico Electric Power Authority***

4